No. 15-70386
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

KINGS COUNTY, et al.,
*Petitioners*

v.

SURFACE TRANSPORTATION BOARD
and UNITED STATES OF AMERICA,
*Respondents*
_____

**RESPONDENT SURFACE TRANSPORTATION BOARD'S MOTION
TO DISMISS FOR LACK OF JURISDICTION**
_____

Pursuant to Fed. R. App. P. 27, the Surface Transportation Board (the Board) moves to dismiss the Petition for Review for lack of jurisdiction because the agency decision for which review is sought is not a final order. The Petitioners have asked us to state that their position is that they do not oppose granting the motion if this Court finds that the order is non-final.

## BACKGROUND

The Petitioners in this proceeding (Kings County, Kern County, Kings County Farm Bureau, Citizens for High Speed Rail Accountability, the Community Coalition on High-Speed Rail, Transportation Solutions Defense and

Education Fund, and California Rail Foundation) seek review of a decision issued by the Board in STB Docket No. FD 35861 on December 12, 2014. *Cal. High-Speed Rail Auth.—Petition for Declaratory Order*, FD 35861 (STB served December 12, 2014) (Vice Chairman Begeman dissenting) (December 12 Decision), attached hereto as Attachment A. In the December 12 Decision, issued in response to a petition filed by the California High-Speed Rail Authority and under 5 U.S.C. § 554(e) and 49 U.S.C. § 721, the Board provided its views regarding federal preemption of the California Environmental Quality Act (CEQA) as it applies to the construction of a high-speed passenger line between Fresno and Bakersfield, Cal. *Id.* at 4.

On December 29, 2014, the Petitioners in this proceeding, along with the City of Shafter, Cal., First Free Will Baptist Church of Bakersfield, and Coffee-Brimhall, filed a timely Petition for Reconsideration of Declaratory Order (Petition for Reconsideration) requesting that the Board reconsider the December 12 Decision.[1] *See* Attachment B. The Board has not issued a decision yet on the Petition for Reconsideration.

---

[1] The Petition for Reconsideration before the Board was filed on behalf of, among others, the "Citizens for High Speed Rail Accountability." *See* Attachment B at 1. One of the petitioners listed in the case caption of the Petition for Review before this Court is the "California Citizens for High-Speed Rail Accountability". *See* Dkt. No. 1-2 at 1 (Petition for Review). The page listing counsel for the Petition for Review then names the petitioner here as "Californians for High-Speed Rail Accountability." *See id.* at 2. The Petition for Review, however, also states that

- 2 -

# ARGUMENT

Under the Hobbs Act, 28 U.S.C. §§ 2342 and 2344, this Court has jurisdiction to review "final orders" of the Board. It is well established that an order is not final, and this Court does not have jurisdiction under the Hobbs Act to review that order, if a timely petition for administrative reconsideration is brought by the party that is seeking judicial review. *ICC v. Bhd. of Locomotive Eng'rs.,* 482 U.S. 270, 284 (1987) (*BLE*); *Acura of Bellevue v. Reich,* 90 F.3d 1403, 1407 (9th Cir. 1996) (relying on *BLE* to explain that a motion for reconsideration renders an agency action non-final under the Administrative Procedure Act);[2] *Clifton Power Corp. v. FERC*, 294 F.3d 108, 110 (D.C. Cir. 2002); *ICG Concerned Workers Ass'n. v. U.S.*, 888 F.2d 1455, 1457 (D.C. Cir. 1989); *UTU v. ICC*, 871 F.2d 1114, 1116-1118 (D.C. Cir. 1989). *See also Winter v. ICC*, 851 F.2d 1056, 1064 (8th Cir. 1989). Therefore, the same party is not permitted to seek

---

"Petitioners and others filed Petitions for Reconsideration of the STB Order." *Id.* at 4. Moreover, in a recent motion for a stay of the December 12 Decision filed with the Board, the movants, including "Citizens for High Speed Rail Accountability," state that they have filed an appeal of the December 12 Decision with the Ninth Circuit Court of Appeals. Thus, despite the slight variations in the name used, it appears this petitioner before the Board and the Court is the same entity and Petitioner "California Citizens for High-Speed Rail Accountability" here is a party to the Petition for Reconsideration pending before the Board.

[2] *See US West Commc'ns., Inc. v. Hamilton*, 224 F.3d 1049, 1055 (9th Cir. 2000) ("'final agency action' under the Administrative procedure Act is analytically equivalent to a 'final order' under the Hobbs Act.")

simultaneous judicial and administrative review. *See Acura of Bellevue*, 90 F.3d at 1407-09; *TeleStar, Inc. v. FCC,* 888 F.2d 132, 133 (D.C. Cir. 1989) (per curiam).

Here, the Petition for Reconsideration was filed within the 20-day time period provided under the Board's rules. *See* 49 C.F.R. 1115.3(e). As a result, the Petition for Reconsideration renders the December 12 Decision non-final and unreviewable as to the filing petitioners. *Acura of Bellevue,* 90 F.3d at 1407; *UTU*, 871 F.2d at 1116.

Judicial review provisions are jurisdictional in nature and "must be construed with strict fidelity to their terms." *TeleStar*, 888 F.2d at 134. The defect in a petition seeking judicial review of a non-final order cannot be waived or disregarded. Nor is the defect cured when the agency later issues its final decision. *Id*.

The Court's dismissal of this Petition for Review will not prejudice the parties or cause hardship. The parties will not be deprived of the opportunity to obtain judicial review if the Board should deny the administrative petition for reconsideration. *See BLE*, 482 U.S. at 284 (60-day time period to file for judicial review under the Hobbs Act tolled until the agency rules on reconsideration petition); *Clifton Power*, 294 F.3d at 110.

## CONCLUSION

The Court should dismiss the petition for review of the December 12 Decision for lack of jurisdiction.

Respectfully submitted,

CRAIG M. KEATS
General Counsel

EVELYN G. KITAY
Deputy General Counsel

s/ Barbara A. Miller
BARBARA A. MILLER
Attorney
Surface Transportation Board
Washington, D.C. 20423
(202) 245-0277
Barbara.Miller@stb.dot.gov

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Respondent Surface Transportation Board's Motion to Dismiss for Lack of Jurisdiction with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 4, 2015.

The following participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system:

Douglas Carstens
CHATTEN-BROWN & CARSTENS
Suite 205
2601 Ocean Park Boulevard
Santa Monica, CA 90405
Phone: (310)798-2400
dpc@cbcearthlaw.com

Charles Frederick Collins
Kern County Counsel's Office
Office of the County Counsel
4th Floor
1115 Truxtun Ave., 4th Floor
Bakersfield, CA 93301
Phone: (661)868-3815
ccollins@co.kern.ca.us

Stuart Milton Flashman
Law Offices of Stuart M. Flashman
5626 Ocean View Drive
Oakland, CA 94618
Phone: (510)652-5373
stu@stuflash.com

David Kolman Tochen
National Transportation Safety Board
General Counsel
6th Floor Room 6205
490 L'Enfant Plaza East, S.W.
Washington, DC 20594

Phone: (202)314-6000
david.tochen@ntsb.gov

      I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Danae J. Atchison
AGCA-Office of the
California Attorney General
1300 I Street
P.O. Box 944255
Sacramento, CA 94244-2550

James G. Moose
Remy Thomas Moose & Manley LLP
Suite 210
455 Capitol Mall
Sacramento, CA 95814

                                                     <u>s/ Barbara A. Miller</u>
                                                     Barbara A. Miller